### SOUTHBRIDGE.

A town having voted, at a legal meeting for the choice of representative, not to elect, and dissolved the meeting, a second meeting was called for the same purpose, at which a motion not to send was made and seconded, and declared, upon a division of the meeting, to be decided in the affirmative. A motion was then made and seconded to dissolve the meeting; immediately after which, the vote not to send was disputed. The selectmen refused to put the motion to dissolve the meeting; but a motion to send a representative being then made, seconded and carried, an election was thereupon effected. It was held, that such election was void.

Where a member elect, being present at the meeting, declines to serve, and notifies the meeting thereof, the town may, it seems, proceed to a new election.

THE election of James Wolcott, Jr., returned a member from the town of Southbridge, was controverted by Edward Morris and others, on the ground of improper conduct on the part of the selectmen, who presided at the meeting, when the supposed election took place, in refusing to put a motion duly made and seconded to dissolve the meeting, after passing a vote not to send a representative.[2]

The committee on elections reported on this case, at the May session, as follows :—

" A legal town meeting was holden at Southbridge, on the first Monday of May last, at which it was duly voted not to send a representative to the general court, the present year, and the meeting was dissolved ; another town-meeting for the

[1] 38 J. H. 101.       [2] Same, 43.

choice of representatives was holden on the thirteenth day of May last, and it was regularly moved and seconded, that the town should not send a representative the present year. The motion was put, and it being doubtful how the vote stood on the first trial, the house was polled, or divided, and was then counted by the presiding officer, and the numbers declared to be thirty-four for choosing, and thirty-seven against choosing a representative. A motion was then made and seconded to dissolve the meeting; immediately after which, the vote for not sending a representative was disputed. The presiding officer did not put the motion which was made to dissolve the meeting, though frequently urged to do so. Considerable disorder and disturbance prevailed. After some delay, a great proportion of those who had voted against, as well as some, who had voted in favor of, sending a representative, finding the presiding officer not disposed to put the motion for dissolving the meeting, left the house. After which there was a motion put and carried, to send a representative, the motion to dissolve the meeting not having been disposed of. The votes for representative were then called for, and given in, and Mr. Samuel Fiske, having all the votes, amounting to twenty-seven, was declared chosen, but declined serving; a new vote was then called for, and Mr. James Wolcott, Jr., the sitting member, having twenty votes, being all that were given in, was declared chosen.

The committee have called on the respondent, for any evidence, to show that there was any uncertainty as to the first vote for not sending a representative, after dividing the house, but none has been furnished to the committee, although sufficient time has been allowed for that purpose, if any such evidence existed. The committee have no doubt, that the result of the voting was such as was declared by the presiding officer, and was the fair expression of the minds of the majority of the voters, who attended the meeting. It did not appear that there was any haste in putting the vote, or any surprise upon any one; but on the contrary, the vote was not taken, until the expiration of two hours from the time appointed for the

meeting; nor did there appear any reasonable cause to question the vote, as declared after the second trial; or to delay or refuse to put the motion for a dissolution of the meeting. The committee, therefore, finding that it had been regularly and fairly voted not to send a representative, and that a motion to dissolve the meeting was duly made and seconded, and ought to have been put to vote, and was not, are of opinion, that the subsequent proceedings of the meeting were illegal and void, and therefore beg leave to report, and do report, that the said James Wolcott, Jr., was not duly elected a representative, and is not entitled to hold his seat."

The report was agreed to.[1]